No. 377

STANTON, Pros. Atty. v. TAX COMM., et

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 6006. Decided March 7, 1927

313. CORPORATIONS—1. The inalienable right of a corporation to choose a situs is recognized by the enactment of 8625 GC.

2. Articles of incorporation specifying the place where the principal office of the corporation is to be located, is conclusive as to its location.

SULLIVAN, P. J.

This cause is in this court on error from the Cuyahoga Common Pleas where judgment was rendered in favor of the Tax Commission and the Union Mortgage Company. The question in controversy is whether taxes on intangible personal property of the Union Mortgage Co. are payable at Mentor, Lake County, the place designated in the articles of incorporation where its principal office is located, and where the corporation holds its meetings under corporate action, or at Cleveland, Cuyahoga County, the place where the principal part of its business is transacted and where it maintains a business office, it being conceded the business of the corporation is not only transacted in Cuyahoga and Lake Counties but in other counties of the State and states of the Union.

Edward C. Stanton, Pros. Atty., contends that the taxes are assessable and collectible at Cleveland, where a business office is maintained and where it transacts most of its business. It is alleged that the location at Mentor is a shift and device false in fact as well as law, and is done for the purpose of evading taxation in Cuyahoga County where the burden would be more onerous than that in Lake County. The Court of Appeals held:

1. The statutes under our incorporation law show the intent and purpose of the legislature and the requirements of the statutes import the verity of the stipulations in the articles of incorporation, made in obedience to legislative mandate.

2. The place where a corporation is to be located must be fixed and established, and there is only one way that this may be done, and that is by designation in the articles of incorporation. It is a right concerning which there can be no interference by any outside agency, and is a perogative that exists in a corporation with respect to its residence with

the same inherent force that it applies to a person.

3. "It is not important that a corporation should be taxed where it does the greatest amount of business, but it is important that the place where it is liable to be taxed should be known."

4. This right to choose a situs or domicile is inalienable, and obviously was recognized by the Legislature when it enacted 8625 GC.

5. "A certificate of incorporation which, under the statute, specifies the place where the principal office of the Company is to be located, is conclusive as to the location of such office." Pelton v. Transportatioon Co., 37 OS. 450; Coal Co. v. O'Brien, 98 OS. 14.

Judgment affirmed.

(Levine, J., concurs.)

Attorneys—E. C. Stanton and H. E. Parsons for Stanton; Wilkin, Cross, & Daoust; Holding, Masten, Duncan & Leckie and Tolles, Hogsett & Ginn for Tax Comm. & Mortgage Co.; all of Cleveland.